UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHING TATA PATRICIA WOKIEFIUWE,<br><br>                                    Petitioner,<br><br>v.<br><br>RODNEY RICHMOND,<br><br>                                    Respondent. | Case No.:  26-cv-2231-RSH-SBC<br><br>**ORDER DISMISSING PETITION** |

On April 8, 2026, petitioner Ching Tata Patricia Wokiefiuwe filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner argues that her detention without a bond hearing has been unduly prolonged. ECF No. 1 at 7. She states that she has been detained "more than 6 months" without a bond hearing or parole. *Id.* However, the Petition and the charging document submitted therewith reflect that she was arrested on October 17, 2025, fewer than five months ago, upon or shortly after entry into the United States. *Id.* at 5; ECF No. 1-2 at 3. She has not established unconstitutionally prolonged detention. Her remaining claims for relief appear to request that the Court hasten her pending appeal with the Board of Immigration Appeals, or that the Court make its own bond determination that Petitioner is not a flight risk or danger. These do not present a basis for concluding that Petitioner is in custody in violation of the U.S. Constitution or federal law.

Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-2231-RSH-SBC